**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 21 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JUNE E. WILLEMS,

        Plaintiff - Appellant,

v.

STATE OF ARIZONA,

        Defendant - Appellee.

No. 03-1374

(D.C. No. 02-D-1472 (BNB))

(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **TACHA**, Chief Circuit Judge, **McKAY** and **McCONNELL**, Circuit
Judges.

Appellant Willems, *pro se*, filed a complaint in the District of Colorado

arising from a land transaction in Arizona. In the complaint, she asserted claims

of takings of property and rights, discrimination, prejudice, conspiracy to violate

her civil and constitutional rights, and violations of her civil and constitutional

rights. The State of Arizona filed a Motion to Dismiss. Appellant filed a Motion

for Entry of Default and Default Judgment. The magistrate judge issued a report

[*]This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

and recommendation. After consideration of Appellant's objections, the district court adopted the magistrate judge's recommendation, denied Appellant's Motion for Entry of Default and Default Judgment, denied Appellant's Motion for Sanctions, granted the State of Arizona's Motion to Dismiss, and dismissed the case for lack of personal jurisdiction.

We review the district court's dismissal for lack of personal jurisdiction *de novo*. Peay v. Bell So. Med. Assistance Plan, 205 F.3d 1206, 1209 (10th Cir. 2000). Appellant argues on appeal that the district court incorrectly dismissed the case for lack of personal jurisdiction. However, none of her arguments have any basis in the law. We agree with the district court and Appellee that the district court did not have personal jurisdiction over Arizona because none of the statutes at issue in this case authorized nationwide service of process upon Arizona. Additionally, there is no evidence that Arizona had conducted any specific activity in Colorado or had continuous or systematic contacts with Colorado for purposes of this suit.

We have carefully reviewed the briefs and Appellant's other submissions, the district court's disposition, and the record on appeal. We affirm for substantially the same reasons as set forth by the district court in its Order of July 25, 2003, which adopted the magistrate judge's report and recommendation.

**AFFIRMED.**[1]

Entered for the Court


Monroe G. McKay
Circuit Judge

---

[1]Appellant's Request for Consideration of Documents is **GRANTED**. Appellant's Motions for Reversal of Lower Court Order and Judgment are **DENIED**.  Appellant's Motions to Strike Appellee's Answering Briefs are **DENIED**.  Appellant's Motion for Sanctions is **DENIED**.